SO ORDERED.

Dated: October 30, 2023

Daniel P. Collins, Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 7 Proceedings |
| | ) | |
| **GARY CRAIG SOLOMON** | ) | Case No: 2:21-bk-02622-DPC |
| **BOBBIE SUE SOLOMON,** | ) | |
| | ) | **UNDER ADVISEMENT ORDER RE** |
| Debtors. | ) | **TRUSTEE'S OBJECTION TO** |
| | ) | **INTERNAL REVENUE SERVICE'S** |
| | ) | **PROOF OF CLAIM** |
| | ) | |
| | ) | (Not for Publication – Electronic |
| | ) | Docketing ONLY) [1] |
| | ) | |
| | ) | |

Before this Court is Lawrence Warfield's ("Trustee") objection to the claim filed by the Internal Revenue Service ("IRS"). The Court held a hearing on the Objection and then took this matter under advisement.[2] After considering the parties' briefs, this Court finds that the IRS's claims for tax years 2018 and 2019 have priority status under 11 U.S.C. § 507(a)(8)(A)(i).[3] The Court overrules the Trustee's Objection. The Court's analysis is set forth below.

## I.   BACKGROUND

On April 9, 2021 ("Petition Date"), Gary Craig Solomon and Bobbie Sue Solomon (collectively "Debtors") filed their chapter 7 bankruptcy petition.[4] On July 13, 2021, the

---

[1] This decision sets forth the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. ("Rule") 7052.
[2] Administrative case docket entry ("DE") 182.
[3] Unless stated otherwise, all references to statutes are to Title 11 of the United States Code (the "Code").
[4] DE 1.

IRS timely filed their proof of claim ("Initial Proof of Claim").[5] In the Initial Proof of Claim, the IRS checked a box affirming that "all or part of the claim [was] entitled to priority under 11 U.S.C. § 507(a)."[6] In an attachment, the IRS further stated its claim was for taxes on the Debtors' income from tax years 2018 and 2019 and that the IRS's claim was entitled to priority claims under § 507(a)(8).[7] That attachment explained the "liability is estimated based on available information because the return has not been filed. This claim may be amended as necessary after the Debtor files the return or provides other required information."[8]

The IRS filed three amendments to its Initial Proof of Claim.[9] After the Petition Date but before the IRS filed its final amended proof of claim ("Final Proof of Claim"), the Debtors filed tax returns for tax years 2018 and 2019. In the Final Proof of Claim, the IRS claimed priority and listed August 14, 2023, as the date the taxes were assessed. The IRS now asserts its priority claim in the amount of $51,270.86.[10]

On July 6, 2023, the Trustee filed his objection to the Initial Proof of Claim ("Initial Objection") seeking additional documentation supporting the IRS's claim.[11] After the IRS filed its Final Proof of Claim, the Trustee filed his Amendment to Claim Objection ("Amended Objection"). The Trustee added the argument that the IRS's claims for taxes on Debtor's income for tax years 2018 and 2019 were not entitled to priority because the Debtors failed to file their tax returns before the Petition Date and these taxes were assessed after the Petition Date.[12] The Trustee also argued that § 507(a)(8)(A)(iii) specifically excluded from priority status a debtor's tax debts that are non-dischargeable

---

[5] POC 1-1. "POC" references a proof of claim in bankruptcy case 2:21-bk-02622-DPC.
[6] POC 1-1, page 3.
[7] POC 1-1, page 4.
[8] POC 1-1, page 5.
[9] POC 1-2, 1-3, 1-4.
[10] POC 1-4, page 4.
[11] DE 164.
[12] DE 177.

under § 523(a)(1)(B).[13] In its response ("Response"), the IRS argued the Debtors' tax liabilities correspond to tax years within three years of the Petition Date entitling the IRS's claims to priority status under § 507(a)(8)(A)(i).[14] The IRS cites various cases which it contends support the argument that each subsection of § 507(a)(8)(A) should be treated separately and that the exception found in § 507(a)(8)(A)(iii) does not apply.[15] In its reply ("Reply"), the Trustee argued that the cases the IRS cites in support of its argument do not deal with claim priority but instead deal with stay violations, dischargeability concerns, and issue preclusion.[16] The Trustee also cited *In re Harrell*, 318 B.R. 692 (Bankr. E. D. Ark. 2005), *In re Zieg*, 194 B.R. 469 (Bankr. D. Neb. 1996), and *In re Savaria*, 317 B.R. 395, 398 (B.A.P. 9th Cir. 2004) for the position that taxes on unfiled or fraudulent returns are not entitled to priority under § 507(a)(8)(A)(iii).[17]

## II. JURISDICTION

The Court has jurisdiction over this bankruptcy case and the issues described in this Order pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) & (B).

## III. ISSUE

Whether the IRS's claims for tax liability on Debtors' income for tax years 2018 and 2019 are entitled to priority under § 507(a)(8).

## IV. PRIORITY OF TAX CLAIMS UNDER 11 U.S.C. § 507(a)(8).

Not all claims in bankruptcy are created equal. The rationale behind granting certain types of claims priority over others is that, since often there is not enough money in a bankruptcy estate to pay all creditors, certain claims should be favored over others.[18] In § 507(a), Congress has selected claims which must be paid before others.[19] Pertinent

---

[13] DE 177, page 2.
[14] DE 179, page 2
[15] DE 179, page 2.
[16] DE 180, page 2
[17] DE 180, pages 3–6.
[18] 4 Collier on Bankruptcy ¶ 507.02(1) (Richard Levin & Henry J. Sommer eds., 16th ed.).
[19] *Id.*

to the case at bar, under § 507(a)(8)(A), three categories of taxes are granted priority. That Code section states:

> (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—
> (A) a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition—
> (i) for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;
> (ii) assessed within 240 days before the date of the filing of the petition, exclusive of—
> (I) any time during which an offer in compromise with respect to that tax was pending or in effect during that 240-day period, plus 30 days; and
> (II) any time during which a stay of proceedings against collections was in effect in a prior case under this title during that 240-day period, plus 90 days; *or*
> (iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case;[20]

(emphasis added). In interpreting this statute, the Ninth Circuit Court of Appeals has noted "subsections (i), and (ii) and (iii) are provided as alternatives, separated by the word 'or'" and should be treated as "separate and distinct." [21]

Dischargeability is not directly at issue here. However, whether a tax debt is dischargeable under § 523(a)(1)(B) or (C) determines whether the exception to priority granted under § 507(a)(8)(A)(iii) is triggered. Under § 523(a):

> (a) A discharge under section 727, 1141, 1192 [1] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
> (1) for a tax or a customs duty—
> . . .
> (B) with respect to which a return, or equivalent report or notice, if required—

---

[20] 11 U.S.C. § 507(a)(8)(A).
[21] *In re Pacific-Atlantic Trading Co.*, 64 F.3d 1292, 1302 (9th Cir. 1995).

>           (i) was not filed or given; or
>           (ii) was filed or given after the date on which such
>           return, report, or notice was last due, under applicable
>           law or under any extension, and after two years before
>           the date of the filing of the petition; or
>     (C) with respect to which the debtor made a fraudulent return
>     or willfully attempted in any manner to evade or defeat such
>     tax;

## V.     ANALYSIS

For its part, the IRS largely relies on the text of § 507(a)(8). The IRS cites five cases to support its argument. Although the ultimate issue decided in each of those cases was not the priority of claims, each case held that each subsection of § 507(a)(8)(A) should be treated as an independent basis for priority.[22]

### A.   § 507(a)(8)(A)(i)

Here, the Trustee is objecting to the priority status of IRS's claims for taxes incurred in 2018 and 2019. "In determining the scope of the section 507(a)(8)(A)(i) priority, the operative date is the date on which the tax return was due and not the date that the return was actually filed."[23] In plain terms, § 507(a)(8)(A)(i) looks at a three-year window starting three years before a debtor's bankruptcy petition is filed. If a tax return for a corresponding tax liability was due during that window, the claim on that tax liability is granted priority status. Here, the Debtors' tax returns for 2018 and 2019 would have originally been due in April of 2019 and 2020 respectively.[24] The Petition Date was

---

[22] *See In re Carter*, 74 B.R. 613, 616 (Bankr. E.D. Pa. 1987) ("In general, this provision accords priority status to unpaid income taxes only if payment of the tax fell due within three years of the bankruptcy filing, or the tax was assessed within 240 days of filing, or the tax was still assessable on the date the petition was filed."); *In re Pac.-Atl. Trading Co.*, 64 F.3d at 1302 ("subsections (i), and (ii) and (iii) are provided as alternatives, separated by the word 'or'"); *In re Pottorff*, No. 17-41005-JMM, 2020 WL 6821790 at *4 (Bankr. D. Idaho July 10, 2020) ("The fact that taxes may not be entitled to priority under § 507(a)(8)(A)(iii) does not exclude their receipt of priority status under another section of § 507(a)(8)."); *In re Vitaliano*, 178 B.R. 205, 208 (B.A.P. 9th Cir. 1995) ("[T]he bankruptcy code clearly contemplates that a tax debt must fit into only one of those three subsections in order to obtain priority status."); *Kun v. Internal Revenue Serv.*, 23-cv-01660-RS, 2023 WL 4771182 at *2 (N.D. Cal. July 25, 2023) (holding the bankruptcy court correctly found that taxes need only fall into one of the subsections of § 507(a)(8)(A) to receive priority).

[23] 4 Collier on Bankruptcy ¶ 507.01(2)(a).

[24] *See* 26 U.S.C. § 6072(a). Neither party contends the April 15 due dates were extended.

April 9, 2021. The three-year window in this case began April 9, 2018. The tax returns for 2018 and 2019 were due within the three-year window described in § 507(a)(8)(A)(i) and the corresponding claims are entitled to priority status under that same subsection. While this alone settles the question of the priority status of the IRS's claims in this case, the Court will also address priority under §§ 507(a)(8)(A)(ii) and (iii).

### B. § 507(a)(8)(A)(ii)

Section 507(a)(8)(A)(ii) looks at whether tax liabilities were assessed within 240 days before a debtor filed their bankruptcy petition. Courts have generally adopted the IRS's definition for when the tax is assessed.[25] The tax is assessed generally when the IRS follows the appropriate procedures and the tax debt is final.[26] Here, neither party is arguing that IRS's claims are entitled to priority under this subsection. Nor, in any event, would these tax liabilities be entitled to priority under § 507(a)(2)(A)(ii). According to the Final Proof of Claim, the Debtors' tax liabilities were assessed on August 14, 2023 – more than two years after the Petition Date. Because the taxes were assessed after the Petition Date and not before as the statute requires, the IRS's claims are not entitled to priority under § 507(a)(8)(A)(ii).

### C. § 507(a)(8)(A)(iii)

Section 507(a)(8)(A)(iii) has two parts: (1) the grant of priority and (2) the exception to that grant. This subsection grants priority to those claims on taxes that were not assessed before the bankruptcy petition but that were assessable after the petition was filed. Here, the IRS's claims meet the requirements of this subsection because the taxes were not assessed as of the Petition Date but were assessable – and were assessed – thereafter. However, the exception in this subsection excludes from priority status taxes that are non-dischargeable under § 523(a)(1)(B) or (C). As applicable here,

---

[25] *See In re King*, 961 F.2d 1423, 1427 (9th Cir. 1992).
[26] *Id.*; *In re Hardie*, 204 B.R. 944, 946 (S.D. Tex. 1996).

§ 523(a)(1)(B)(ii) excludes from discharge tax debts where the return was delinquent but filed within a window starting two years before the bankruptcy petition and continuing thereafter.[27] The Debtors' 2018 and 2019 tax returns were delinquent when they were filed after the Petition Date. The Debtors' 2018 and 2019 federal tax returns were filed within the applicable window and are excepted from discharge under § 523(a)(1)(B). Therefore, such taxes are excepted from priority granted under § 507(a)(8)(A)(iii).

The Trustee offers three cases in support of his objection to the IRS's claimed priority. In *Zieg*, the debtors filed their bankruptcy petition on January 17, 1991.[28] The court found that the claim for tax year 1986 was not entitled to priority under § 507(a)(8)(A)(iii) because the returns were fraudulently filed and excepted from discharge under § 523(a)(1)(C). The Trustee contends the Debtors filed false tax returns in the case at bar and for that reason, the corresponding claims should not receive priority. Under § 523(a)(1)(C), tax debts where "the debtor made a fraudulent return" are not dischargeable. Therefore, even if this Court found the Debtors' tax returns were fraudulently filed (and it is not so finding), they would only be excepted from the grant of priority under §507(a)(8)(A)(iii). While the Trustee is correct about § 507(a)(8)(A)(iii) not granting priority to the IRS's claims in our case, the *Zieg* case does not change the analysis here because it deals only with whether priority may be granted under § 507(a)(8)(A)(iii) and not under subsection (i).

The Trustee next cites the *Harrell* case. In *Harrell*, the debtor objected to the priority status of claims on taxes that were incurred six years before the bankruptcy petition was filed.[29] The court found that the taxes were excepted from discharge under § 523(a)(1)(B)(ii) because the returns were delinquent and filed after the petition date.[30]

---

[27] *In re Savaria*, 317 B.R. 395, 400 (B.A.P. 9th Cir. 2004) (holding that the window under § 523(a)(1)(B)(ii) does not stop on the date of the petition but continues thereafter).
[28] 194 B.R. 469, 470 (Bankr. D. Neb. 1996).
[29] 318 B.R. 692, 693 (Bankr. E.D. Ark. 2005).
[30] *Id.* at 696.

The claims on those taxes were not entitled to priority because of the exception to § 507(a)(8)(A)(iii).[31] Although *Harrell* is applicable to priority under § 507(a)(8)(A)(iii), it is not applicable to priority under § 507(a)(8)(A)(i). Unlike the case at bar, the tax returns due in *Harrell* were outside the three-year window described in § 507(a)(8)(A)(i).

Finally, the Trustee cites *Savaria*. In that case, the debtor's bankruptcy petition was filed on December 31, 2002. The IRS claimed taxes were owed for years 1996 through 2001.[32] The debtors objected to the priority status of the IRS's claims for the tax years 1996 through 1998.[33] The court found that the taxes were not dischargeable under § 523(a)(1)(B)(ii) because the debtors filed the returns for each of those tax years after the bankruptcy petition. Therefore, the IRS's claims were not entitled to priority under the exception in § 507(a)(8)(A)(iii).[34] However, in footnote 3, the court noted that claims corresponding to tax years 1999-2002 would be entitled to priority status under § 507(a)(8)(A)(i) because the returns were due within three years of the filing of the petition.[35] The *Savaria* court's holding regarding § 507(a)(8)(A)(iii) does not impact the result here. The claims in the case at bar correspond to taxes where the returns were due within three years of the Petition Date and therefore have priority under § 507(a)(8)(A)(i).

### VI. CONCLUSION

The Trustee correctly points out that the exception to claim priority under § 507(a)(8)(A)(iii) precludes the IRS's priority in the case at bar under that subsection. However, this does not prevent the IRS's claim from holding priority status under § 507(a)(8)(A)(i). This Court concludes the IRS's claims for tax liabilities incurred in 2018 and 2019 are entitled to priority under § 507(a)(8)(A)(i) because the debtors' 2018

---

[31] *Id.*
[32] 317 B.R. 395, 397 (B.A.P. 9th Cir. 2004).
[33] *Id.*
[34] *Id.* at 402.
[35] *Id.* at 399, n. 3.

and 2019 tax returns were due within the three-year window described in that subsection. The Trustee's Objection is overruled.

**ORDERED**

**DATED AND SIGNED ABOVE.**

**To be Noticed through the BNC to:**
Interested Parties